Dear Senator, Paul Muegge,
¶ 0 This office has received your request for an Attorney General Opinion asking, in effect, the following questions:
1. May the Community Sentencing Division of the Department ofCorrections enter into an agreement with the Probation and ParoleDivision of the Department of Corrections for services to beprovided through a local community sentencing system pursuant tothe Oklahoma Community Sentencing Act, to the exclusion of localservice providers, without using an open competitive bidprocess?
 2. Must the Department of Corrections comply with state hiringprocedures in hiring individuals for the purpose of providingservices through the Probation and Parole Division for a localcommunity sentencing system pursuant to contract with theCommunity Sentencing Division, and would such employees be stateemployees?
 3. If the Department of Corrections hires individuals or usesits own employees, who are not certified substance abusecounselors to provide alcohol or drug substance abuse treatmentand assessment for a local community sentencing system, would theexemption from certification requirements for the Department ofCorrections found in Section 3-415 of Title 43A extend to sucharrangements?
¶ 1 Your questions arise out of the Community Sentencing Act ("the Act"), 22 O.S. Supp. 1998, §§ 987.1-991a-4, which was passed by the Oklahoma Legislature in 1997. The statute created a partnership between the State of Oklahoma and county governments to allow for offenders to receive both punishment and treatment in a community setting. It did so by authorizing the creation of local community sentencing systems in each judicial district in the state to assist the District Court by providing services for the treatment and incarceration of offenders sentenced by the Court. These services include medical, mental health or substance abuse treatment as well as confinement in the county jail. The Act also created within the State Department of Corrections ("DOC") a Community Sentencing Division which is the state administrative and funding agency for all local community sentencing systems. See 22 O.S. Supp. 1998, § 987.14[22-987.14].
 I. AGREEMENT BETWEEN COMMUNITY SENTENCING DIVISION AND PARDON AND PAROLE DIVISION FOR SERVICES TO LOCAL COMMUNITY SENTENCING SYSTEM
¶ 2 Community sentencing system planning councils plan the local community sentencing system and assist the state in locating treatment providers and resources to support the local community sentencing system. See 22 O.S. Supp. 1998, §987.2[22-987.2](4). The local community sentencing planning councils request bids for qualified services to support the local community sentencing system plan and recommend selection of qualified service providers. See 22 O.S. Supp. 1998, §987.6[22-987.6](5), (7). They also have the duty to recommend "interlocal governmental agreements for qualified services where services are not available within the jurisdiction or where services may be delivered in a more cost-effective manner by another jurisdiction." Id. at § 987.6(8). The local community sentencing advisory council requests bids and recommends selection of providers, and it is the Community Sentencing Division that contracts with local service providers and state agencies for services to the local system. See 22 O.S. Supp.1998, § 987.15[22-987.15](8).
¶ 3 Your first question asks if the Community Sentencing Division of DOC can enter into an agreement with the Probation and Parole Division for services to be provided through a local community sentencing system without using the competitive bidding process. To fully answer your question we must discuss the Oklahoma Central Purchasing Act, 74 O.S. 1991 and Supp. 1998, §§85.1-85.44C. The purpose of the statute has been delineated by the Oklahoma Supreme Court:
 The Act requires competitive bidding for most major purchases and is designed to protect the public at large by promoting economy in government and reducing the likelihood of fraud.
Indiana Nat'l Bank v. Department of Human Serv., 857 P.2d 53,60 (Okla. 1993).
¶ 4 The Act sets forth the procedures that state agencies must follow when making purchases and mandates that all state contracts, except for several enumerated exceptions, shall be awarded through competitive bidding procedures. See 74 O.S.Supp. 1998, § 85.7[74-85.7]. Yet the Interlocal Cooperation Act, referenced in the Community Sentencing Act, authorizes contracts between state agencies that do not have to be competitively bid.See 74 O.S. Supp. 1998, § 1008[74-1008].
¶ 5 Both the Community Sentencing Division and the Pardon and Parole Division mentioned in your question are part of DOC. Any agreement between them as referenced in your question would not be an awarded contract, but rather an internal agreement within DOC. As noted above, the community sentencing system is designed to utilize a variety of resources — public/private partnerships, interlocal governmental agreements, interagency cooperation, local providers, and state agencies — to carry out its purposes.See 22 O.S. Supp. 1998, §§ 987.3[22-987.3](5), 987.6(8). In the fact pattern anticipated in your question, one division of DOC is utilizing the services of another division. Therefore, a competitive bid process is not required for an agreement between the Community Sentencing Division and the Pardon and Parole Division which utilizes the Pardon and Parole Division to provide services to a local community sentencing system.
¶ 6 If the Community Sentencing Division contracts with service providers from the private sector, the Oklahoma Central Purchasing Act, 74 O.S. 1991 and Supp. 1998, §§ 85.1-85.44C,
applies, and competitive bidding is required.
 II. EMPLOYMENT STATUS OF THOSE PROVIDING SERVICES THROUGH THE PARDON AND PAROLE DIVISION TO A LOCAL COMMUNITY SENTENCING SYSTEM
¶ 7 Your second question asks if DOC must comply with state hiring procedures when hiring individuals to provide services through the Probation and Parole Division for a local community sentencing system.
¶ 8 The Act specifically provides:
 When a service provider is selected to be part of the local community sentencing system, the employees of that service provider shall not become employees of the county, the local community sentencing system, or the state by virtue of any contractual agreement or payments from the state."
22 O.S. Supp. 1998, § 987.13[22-987.13](C) (emphasis added).
¶ 9 Thus, employees hired by a service provider do not become state employees simply because their employer has a contract with the state or receives payment from the state.
¶ 10 If the service provider is a state entity and uses its own employees, then they are state employees and must be hired by the procedures applicable to that particular agency and position. Your question asks particularly about DOC. Pursuant to the Oklahoma Personnel Act, DOC is covered by the Merit System. See74 O.S. Supp. 1998, § 840-5.11[74-840-5.11]. With certain enumerated exceptions, positions in DOC are classified and subject to the merit system of personnel administration. See 74 O.S. Supp.1998, § 840-5.11[74-840-5.11](A). For those employees DOC must comply with the hiring procedures set forth in the Personnel Act and Merit System Rules. For positions not covered by the Merit System DOC may use whatever hiring procedures it deems appropriate.
 III. CERTIFICATION REQUIREMENTS FOR DRUG AND ALCOHOL TREATMENT FACILITIES
¶ 11 Your third question asks if DOC's exemption from certification requirements for substance abuse treatment counselors would extend to individuals it hires to provide such treatment for a local community sentencing system. To answer your question, we must first review the provisions of 43A O.S. Supp.1998, § 3-415[43A-3-415] that require the certification of drug and alcohol treatment facilities:
 1. The Alcohol and Drug Abuse Prevention, Training, Treatment and Rehabilitation Authority shall promulgate regulations and standards for certification for private facilities and organizations which provide treatment, counseling, rehabilitation, and other related services directed toward alcohol-and drug-dependent persons. These facilities and organizations shall be known as "Certified Services for the Alcohol and Drug Dependent". Only certified facilities may receive and assist alcohol-and drug-dependent persons by providing treatment, rehabilitation, and other related services to alcohol-and drug-dependent persons.
 2. Any person violating the requirement that only certified facilities may receive and assist alcohol-and drug-dependent persons by providing treatment, rehabilitation, and other related services to alcohol-and drug-dependent persons, upon conviction, shall be guilty of a misdemeanor.
43A O.S. Supp. 1998, § 3-415[43A-3-415](A) (emphasis added).
¶ 12 An exemption from this requirement is 43A O.S. Supp.1998, § 3-415[43A-3-415](E):
 Licensed physicians, licensed psychologists, licensed social workers, individual members of the clergy, and certified alcohol or drug abuse counselors are exempt from the regulations and standards for certification, provided that such exemptions shall apply only to individual professional persons in their private practice and not to any treatment facility operated by such person. Properly licensed hospitals, programs operated by the State Department of Health or Department of Human Services, programs conducted and facilities operated by Alcoholics Anonymous, the Department of Corrections, the Department of Mental Health and Substance Abuse Services, or the Salvation Army are also exempt from the provisions of the Oklahoma Alcohol and Drug Abuse Services Act, Section 3-401 et seq. of this title.
¶ 13 43A O.S. Supp. 1998, § 3-415[43A-3-415](E) (emphasis added). The operative wording for the purposes of your third question is "programs conducted and facilities operated by . . . the Department of Corrections. . . ."
¶ 14 While the terms "program" and "facilities" are not defined in this statute, they are defined in the same Mental Health Act,43A O.S. 1991 and Supp. 1998, §§ 1-101-11-113, of which the above certification requirements and exemptions are a part. Title43A O.S. Supp. 1998, § 1-103[43A-1-103](7) defines facility as:
 [A]ny hospital, school, building, house or retreat, authorized by law to have the care, treatment or custody of the mentally ill or drug-dependent or alcohol-dependent persons including, but not limited to, public or private hospitals, community mental health centers, clinics, satellites or institutions[.]
¶ 15 The Oklahoma Department of Mental Health and Substance Abuse Services, in its rules governing substance abuse services, has adopted the following definition of "program" for purposes of drug and alcohol treatment:
 Program means a structured set of clinical activities designed to achieve objectives relative to the needs of clients served by the facility.
OAC 450:18-1-2.
¶ 16 The heart of the exemption question, then, is whether a facility is operated by or a program is conducted by DOC. The use of DOC employees or individuals hired by DOC to provide services to a local community sentencing program may be a factor in that determination, but it is not within itself dispositive. Ultimately, whether a particular facility or program qualifies for exemption from certification is a question of fact which cannot be answered in an Attorney General Opinion. See 74 O.S.Supp. 1998, § 18b[74-18b](A)(5).
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Community Sentencing Division and the Probation andParole Division are part of the Department of Corrections. It ispermissible for the Community Sentencing Division to enter intoan agreement with the Probation and Parole Division to provideservices through a local community sentencing program, 22 O.S.Supp. 1998, §§ 987.1-991a-4, to the exclusion of local serviceproviders without following an open competitive bid process. If acontract is to be awarded to a private local service provider, itis subject to competitive bidding as provided in the OklahomaCentral Purchasing Act, 74 O.S. 1991 and Supp. 1998, §§85.1-85.44C.
 2. When a service provider is selected to be a part of a localcommunity sentencing system, the employees of that provider shallnot become employees of the county, the local communitysentencing system, or the state. See 22 O.S. Supp. 1998, §987.13(C). The Department of Corrections is covered by theMerit System pursuant to 74 O.S. Supp. 1998, § 840-5.11[74-840-5.11]. Ifthe Department of Corrections uses its own employees to provideservices to a local community sentencing system, those employeesmust be hired according to all applicable state hiring proceduresand are state employees.
 3. The Alcohol and Drug Abuse Prevention, Rehabilitation,Treatment and Training Authority has regulations and standardsfor certification of private facilities and organizationsproviding treatment, counseling, rehabilitation and other relatedservices to alcohol-and drug-dependent persons. See 43A O.S.Supp. 1998, § 3-415[43A-3-415]. There is an exemption from certificationrequirements for facilities operated by and programs conducted bythe Department of Corrections. See 43A O.S. Supp. 1998, §3-415(E). Whether the services for a particular local communitysentencing system occur in a facility operated by or are part ofa program conducted by the Department of Corrections isultimately a question of fact which cannot be answered in anAttorney General Opinion. See 74 O.S. Supp. 1998, §18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WILLIAM F. O'BRIEN ASSISTANT ATTORNEY GENERAL